O. M. SCOTT & SONS COMPANY *v.* STATE TAX COMMISSION.

1. TAXATION—STATE TAX COMMISSION DECISIONS.
   The decisions of the State tax commission on appeals thereto must be in writing with a concise statement of the facts and reasons for the decisions, and signed by the commissioners concurring therein, like treatment being required of dissents (CLS 1961, § 209.102).

2. SAME—DECISION OF STATE TAX COMMISSION—SUFFICIENCY.
   Written decision of the State tax commission which failed to set forth a concise statement of the facts or the reasons for the decision respecting assessment of lawn and garden products Ohio manufacturing corporation had sent to and which were in possession of retailers in this State, a trust receipt security interest being reserved in the manufacturer against whom the tax was assessed, *held*, insufficient under pertinent statutory provisions (CLS 1961, § 209.102).

3. SAME—REMAND—TRUST RECEIPT FINANCING OF PERSONAL PROPERTY.
   Determination by the State tax commission with regard to issue of ownership of property sent by lawn and garden products manufacturer to Michigan retailers under a trust receipt financing arrangement and in possession of the retailers on tax day and assignment of reasons for the determination made is required of State tax commission on remand (CLS 1961, § 209.102).

4. COSTS—PUBLIC QUESTION—ASSESSMENT OF PERSONAL PROPERTY—TRUST RECEIPT FINANCING.
   No costs are allowed on appeal from State tax commission by out-of-State manufacturer of lawn and garden products as to assessment of property against it, where property subject to

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 42 Am Jur, Public Administrative Law §§ 151, 152.
[4] 14 Am Jur, Costs § 91.

its trust receipt financing arrangement was in the possession of retailers in this State, a public question being involved (CLS 1961, § 209.102).

Appeal from Michigan State Tax Commission. Submitted Division 1 April 6, 1965, at Lansing. (Docket No. 128.)    Decided May 17, 1965.

Assessment by city of Detroit against O. M. Scott & Sons Company, an Ohio corporation, for personal property in the hands of dealers under a trust receipt financing arrangement.    Appeal to Michigan State Tax Commission by company.    Judgment for city.    Scott company appeals.    City of Detroit intervenes as defendant.    Reversed and remanded.

*Rothe, Marston, Mazey, Sachs & O'Connell* (*William Mazey,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *T. Carl Holbrook* and *William D. Dexter,* Assistant Attorneys General, for defendant State Tax Commission.

*Robert Reese,* Corporation Counsel, and *Irving S. Wolfe* and *Julius Pliskow,* Assistants Corporation Counsel, for intervenor defendant city.

Fitzgerald, J.    This is an appeal by the O. M. Scott & Sons Company from an order of the State tax commission of June 2, 1964, wherein the commission "ordered that the amount of $175,300 be placed upon the assessment roll as the true and lawful value of such personal property," referring to inventory in the hands of Scott dealers in the city of Detroit.

The appellant filed an application for leave to appeal from this order with the Supreme Court of Michigan, which application was granted by the Su-

preme Court by order dated September 3, 1964. Subsequently, this cause was transferred to the Court of Appeals by the Supreme Court on October 14, 1964.

The O. M. Scott & Sons Company is an Ohio corporation that manufactures and produces lawn seed, fertilizer, weed control, and other lawn and garden products under its brand name, "Scotts." It does business with a number of retail dealers in the city of Detroit. These dealers purchase such products from appellant pursuant to trust receipt financing for the purpose of making sales to the general public. The city of Detroit has assessed the total amount of inventory in possession of Scott's Detroit-based dealers to the O. M. Scott & Sons Company for property tax purposes. No question of ultimate tax liability is raised, though the net effect of the ruling would require Scott to collect the personal property tax from its dealers after having paid the entire tax bill itself.

In appealing to the State tax commission, the O. M. Scott & Sons Company asserted that the goods should be taxed to the dealers in possession thereof and that reservation of a trust receipt security interest in the goods, without possession, does not subject O. M. Scott & Sons Company to payment of personal property taxes and that the taxes were properly collectible from individual dealers in Detroit.

The decision of the State tax commission, upholding the assessment to the O. M. Scott & Sons Company by the city of Detroit, reads in its entirety as follows:

"In re Appeal No. 1505 of O. M. Scott & Sons of the city of Detroit, county of Wayne, State of Michigan.

"The above taxpayer appeals from the assessment (as confirmed by the board of review of the city of Detroit) of its personal property located in the city

of Detroit, county of Wayne, State of Michigan in the amount of $201,000.

"After consideration of the reasons spelled out in the taxpayer's written appeal, dated April 2, 1963, and after consideration of the facts adduced at a hearing held at the State tax commission office, Detroit, Michigan on December 17, 1963, at which the above taxpayer was represented by counsel and/or in person, and at which hearing the appellant presented testimony and argument and exhibits (reports and statements) in support of contention, and after full investigation by the commission; and after consideration of all of the above, it is determined that the personal property of the appellant is not correctly assessed as to amount and the assessment has not been made in compliance with the law.

"The commission further finds that the property in question is subject to taxation in the city of Detroit and the assessment could have been made, under the general property tax law, either against the owners and intrusters thereof or those in possession.

"Wherefore, it is hereby ordered that the amount of $175,300 be placed upon the assessment roll as the true and lawful value of such personal property."

In regard to the sufficiency of this decision, attention must be given to PA 1960, No 147 (CLS 1961, § 209.102 [Stat Ann 1963 Cum Supp § 7.632]) which provides:

"On appeals, the State tax commission shall report all decisions in writing with a *concise statement of the facts and reasons for the decisions,* which decisions shall be signed by the commissioners concurring therein. Any commissioner dissenting from any decision shall give the reasons for such dissent in writing over his signature. All such decisions shall be filed in the office of the State tax commission and shall be mailed or delivered to the appellant or his legal representative." (Emphasis supplied.)

In *Pavilion Apartments, Inc.*, v. *State Tax Commission* (1964), 373 Mich 601, 608, the Michigan Supreme Court held that an order of the State tax commission remarkably similar in form and content to the one here appealed from did not measure up to the statutory requirement (p 609):

"Considering the complexity of the issues which were raised by Pavilion on its appeal, the order was wholly inadequate and failed to meet the requirements of the statute. It does not contain either a concise statement of the facts or the reasons for the decision. This Court customarily reviews actions of the commission to correct flaws, error, or the application of illegal principles (*Twenty-Two Charlotte, Inc.*, v. *City of Detroit*, 294 Mich 275; *Kingsford Chemical Company* v. *City of Kingsford*, 347 Mich 91). It is essential that the provisions of the statute be followed and proper findings of fact and reasons be given to permit review."

The same may be said regarding the order before us in which neither facts nor reasons for the commission's holding is set forth.

The property assessed against O. M. Scott & Sons Company was in the possession and apparent ownership of Scott's dealers on assessment day. Scott has at all times maintained that title to the goods for taxation purposes is in the purchasing dealers, subject only to a trust receipt interest in O. M. Scott Credit Corporation, their subsidiary, to secure payment, and that the city of Detroit may not levy a personal property tax against such a security interest. In rebuttal, Detroit asserted that its assessors should not be burdened with the problem of unraveling complicated questions of ownership of property as a condition precedent to assessment of that property.

It will appear, however, that this burden could easily be avoided by assessing the tax against the

dealers in possession of the goods, and further, that Detroit has saddled itself with the complained-of burden by attempting instead to assert ownership for tax purposes in the O. M. Scott & Sons Company by arguing that Scott cannot prove it has completely divested itself of all indicia of ownership. In this regard we note the speculation of the authors of a current survey of State and local taxation cases that "it will be interesting to observe the lengths to which the city of Detroit will go in an attempt to stave off repayment of taxes by forcing taxpayers to litigate the title-passage issue as a prerequisite to recovery." Stanley and Tunstall, State and Local Taxation, 11 Wayne Law Review 149, 153 (Fall 1964).

The taxpayer was entitled to a determination of the facts with regard to the issue of ownership for property tax purposes as called for by statute, *supra*. The same should be set forth in the decision of the commission together with its reasons therefor. The matter is remanded to the Michigan State Tax Commission for further proceedings in accordance with this opinion.

No costs, a public question being involved.

Lesinski, C. J., and Burns, J., concurred.