LAKE LOUISE CHRISTIAN COMMUNITY *v.*
TOWNSHIP OF HUDSON.

1. TAXATION—EXEMPTION—CONSTRUCTION OF STATUTES.
   Statute exempting charitable and educational realty from taxa-
   tion is strictly construed, since it effects an unequal removal of
   the burden on all landowners to share in the support of local
   government (CL 1948, § 211.7, as amended by PA 1963, No
   148).

2. SAME—EXEMPTION—CONSTRUCTION OF STATUTES—INTENT.
   Construction of a tax exemption statute must be made by a
   practical interpretation of an existing situation and cannot en-
   large the expressed intention of the legislature (CL 1948,
   § 211.7, as amended by PA 1963, No 148).

3. SAME—EXEMPTION—CONSTRUCTION OF STATUTES.
   "Occupy" is synonymous with "use" as used in statute exempting
   charitable and educational realty from taxation when the realty
   is occupied for charitable or educational purposes (CL 1948,
   § 211.7, as amended by PA 1963, No 148).

4. SAME—EXEMPTION—LEGISLATIVE    INTENT—CONSTRUCTION    OF
   STATUTES.
   Statute exempting land owned by nonprofit religious and educa-
   tional corporation from taxation was not intended to grant an
   exemption to land which is idle and unused, but only to land
   which is used frequently and incidental or relative to the pur-
   pose of the corporation (CL 1948, § 211.7, as amended by
   PA 1963, No 148).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 524.
[2] 51 Am Jur, Taxation § 528.
[3] 51 Am Jur, Taxation § 605 *et seq.*
[4, 5, 7] 51 Am Jur, Taxation § 606.
[6] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[8] 2 Am Jur 2d, Administrative Law § 456 *et seq.*

5. SAME—EXEMPTION—USE.

Trial court determination that plaintiff nonprofit religious and educational corporation did not use all its land in order to claim statutory exemption from taxation, *held*, correct, where evidence showed use by plaintiff was infrequent on the parcels of land in dispute (CL 1948, § 211.7, as amended by PA 1963, No 148).

6. APPEAL AND ERROR—NONJURY CASES—QUESTIONS OF FACT.

The Court of Appeals is reluctant to substitute its judgment for that of the trial court, sitting without a jury, in any case concerning a determination of fact (GCR 1963, 517.1, 810[2]).

7. TAXATION—EXEMPTION—USE.

Plaintiff nonprofit religious and educational corporation failed, as a matter of law, to bring itself under the statute exempting educational realty from taxation, since it did not occupy or use the parcels of land in dispute in any appreciable *quantum* for the stated purposes of its religious organization (CL 1948, § 211.7, as amended by PA 1963, No 148).

8. APPEAL AND ERROR—REVIEW OF ORDER OF STATE TAX COMMISSION.

Trial court determination affirming a decision of the State tax commission which did not state facts and reasons, *held*, correct, where plaintiff nonprofit religious and educational corporation sought recovery of property taxes and a declaration of its taxable status since the form order utilized by the commission which failed to state facts and reasons for its decision was not relevant to the plaintiff's case.

Appeal from Charlevoix; Brown (Charles L.), J. Submitted Division 3 January 8, 1968, at Grand Rapids. (Docket No. 2,626.) Decided March 29, 1968.

Complaint by Lake Louise Christian Community, a Michigan corporation, against Township of Hudson seeking a property tax exemption. Judgment for defendant. Plaintiff appeals. Affirmed.

*Guy C. Conkle, Jr.* (*Martin B. Breighner,* of counsel), for plaintiff.

*Robert C. Klevorn,* for defendant.

*Amicus Curiae:*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *T. Carl Holbrook* and *Richard R. Roesch,* Assistant Attorneys General, for the State Tax Commission.

J. W. FITZGERALD, P. J.   This Court is again presented with an appeal from the initial decision of a township tax assessment board, plaintiff urging us to find a tax exemption for a religious or educational institution within the language of CL 1948, § 211.7, as amended by PA 1963, No 148 (Stat Ann 1965 Cum Supp § 7.7).   The particular facts are these:

Plaintiff-appellant, a religious institution, owns approximatey 2,500 acres of land in Hudson township in Charlevoix county and operates a summer camp for Methodist Episcopal youth thereon.   The basic issue is whether the land is entitled to an exemption from taxation by reason of its usage for the purposes of religious education or whether certain parcels of the land are not being so used.   The trial court found that parcels numbered 3, 4, 7, 13, 14, 15, 16, part of 17, 50, 51, 54, 56, 58, and 63 were not so used.   These are in issue here.   Many other parcels are, and remain, exempt.

Plaintiff first sought review of an unfavorable assessment of some of these parcels in 1963 at the board of review of defendant township, but the request was denied as was the subsequent appeal to the Michigan State tax commission (which appears as *amicus curiae* to this appeal).   Plaintiff paid the tax under protest and began suit in the circuit court for the county of Charlevoix.   In 1964, plaintiff again appeared before the board of review and again was denied relief by defendant.   In 1964 plaintiff was also denied relief by the tax commis-

sion.  The trial commenced in 1965 and the court considered the parcels independently, as presented by plaintiff as follows:

Parcels 54, 58, and 63—used for nature study hikes and general camping purposes.

Parcels 13, 14, 50, and 56 and the west part of 17 abutting Lake Louise, passed through once a week in the summer by camp hikers.

Parcels 15, 16, and 51—left in a wild state, and used occasionally by hikers from the camp to show students how woods grow and are brought into mature condition in a natural state.

Parcels 3, 4, and 7—used weekly as picnic sites after nature study hikes.

Prior to the pretrial hearing, the trial court, at the request of both counsel, undertook 2 field trips into the disputed area. The first trip was made in the fall of 1964, with both counsel present, after the camping season had ended. The court then, on its own initiative, visited the area at the height of the camping season in July, 1965, and observed the religious and educational use of the parcels in question. The decision following the trial reflected these visits, and parcels 61 and 64 were given exemption. However, the remaining parcels, as outlined above, were not exempted, thus forming the basis for this appeal.

The pertinent portion of CL 1948, § 211, as amended (Stat Ann 1965 Cum Supp § 7.7), reads:

"Sec. 7 The following property shall be exempt from taxation: * * *

"Fourth, Such real estate as shall be owned *and occupied* by library, benevolent, charitable, educational or scientific institutions * * * with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated." (Emphasis supplied.)

In addition, the Constitution of 1963, art 9, § 4, provides:

"Property owned *and occupied* by nonprofit religious or educational organizations and used exclusively for religious or educational purposes, as

defined by law, shall be exempt from real and personal property taxes." (Emphasis supplied.)

Plaintiff is granted the status of a religious and educational nonprofit corporation. The issue is whether plaintiff *occupied* the certain parcels in question.

We strictly construe a statute which exempts charitable and educational realty from taxation as it effects an unequal removal of the burden on all landowners to share in the support of local government. See CL 1948, § 211.1 (Stat Ann 1960 Rev § 7.1); *St. Joseph's Church* v. *City of Detroit* (1915), 189 Mich 408; *Evanston Y.M.C.A. Camp* v. *State Tax Commission* (1962), 369 Mich 1. Although such construction must be made by a practical interpretation of an existing situation, it cannot enlarge the expressed intention of the legislature. *City of Detroit* v. *Detroit Commercial College* (1948), 322 Mich 142.

For purposes of this discussion, we find no semantic quarrel with the allegation that "occupy" is synonymous with "use" in popular meaning. See 43 Words and Phrases, p 487.

The primary purposes of plaintiff, as a nonprofit corporation, become relevant to its claim for exemption on certain of its allegedly occupied lands. *Webb Academy* v. *City of Grand Rapids* (1920), 209 Mich 523. We look to plaintiff's complaint:

"2. The purposes for which said plaintiff is incorporated are as follows:

"To act as a special religious union, not being a church but having for its object the teaching of religious principles and associating together for religious work; and, as incidental thereto, to own and occupy lands in the region of Lake Louise, Charlevoix county, State of Michigan, for educational, charitable, and benevolent purposes; and to provide and maintain upon such lands facilities for said pur-

poses; and to there establish a community in harmony with the fundamental law of this commonwealth, declaring that religion, morality, and knowledge are necessary to good government and the happiness of mankind."

Defendant township notes that the facilities provided and maintained comprise 300 acres and are already given exemption and that this case concerns over 1,300 acres which are without facilities. Plaintiff cites the *Webb Case, supra,* for the proposition that where the land is "appropriately used" for the purposes of the organization, that it is thus occupied and hence exempted from taxation. In *Webb,* the academy owned and occupied a building and barn within a residential section of Grand Rapids on one enclosed "single lot of less than 2 acres". The property had been exempted in the past, but was reassessed in 1918 with the portion of the building and the property containing a home and garden of Mr. and Mrs. Webb being taxed as not being within the purposes of the educational institution, as required by statute. The Supreme Court reversed this determination, in part holding that the incidental use of the school building as a residence enabled Mr. Webb to keep the academy in good condition and to educate students at night. The garden of corn was exempted on the ground that it was inconsequential in size and motivated by wartime patriotism. The fact that plaintiff in the present case owns much more land than did the academy is relevant only to the necessity of occupation of its every parcel for, as the Court stated in *Webb* (p 528):

"We find nothing in the statute authorizing the assessors to find, or put a specific limit on, the amount of real estate belonging to incorporated educational and scientific institutions entitled to exemption, provided the same is *in fact in good faith*

*solely occupied and (it may be inferentially added) appropriately used for the purposes for which they are incorporated."*    (Emphasis supplied.)

Thereon plaintiff hangs its hat in the present case, arguing that these parcels are appropriately used for the purposes of the corporation. We do not agree. It is not disputed that woods are appropriately used for hiking. Instead, we are concerned with the frequency and *quantum* of the use of these wooded parcels for the stated purposes of this corporation. We note the observation of the trial court that upon his investigation of the disputed area, he found no evidence of defined hiking paths or trails; in fact, he only:

"found what appeared to have been a small campfire large enough to brew coffee for some lone fisherman on the west end of the lake in parcel 17, but absolutely no evidence of constant use of said parcel or of any of the disputed parcels."

It is clearly not within the intention of the legislature in granting an exemption that such land remain idle and unused. We look to those cases which grant exemptions to property for incidental use and find that, first, the use is incidental or relative to the express purpose of the corporation and that, second, the disputed property was used frequently for said purposes. In the case of *Oakwood Hospital Corporation* v. *State Tax Commission* (1965), 374 Mich 524, the Supreme Court exempted from taxation 6 houses owned by plaintiff nonprofit hospital as being owned and occupied in furtherance of and for the purposes for which the hospital was incorporated, such occupancy being incidental to the use and operation of the entire property for hospital purposes. The 6 houses were occupied by doctors and interns of the hospital on land near the hospital grounds, but in a residential area. These doctors had $100

a month deducted from their salaries for these leases with the hospital paying the remainder of the cost of maintenance of the houses. To distinguish the present case, we need only note that the houses were continually or at least, for the purposes of our holding here, frequently used for the purposes of a hospital, *i.e.,* a residence for employees.

Similarly, in the case of *Gull Lake Bible Conference Association* v. *Township of Ross* (1958), 351 Mich 269, the Court allowed exemption for certain portions of plaintiff's realty, including employees' lodging, parking facilities, and services, as they were closely connected with the religious purpose to gather people together upon the land for conferences, and we note that such established facilities were frequently used to promote such stated purposes.

The invigorating activity of hiking and the benefits of nature study are not lost upon this Court. We do not hold that in all circumstances hiking and nature study cannot be vital to a religious equation of wildlife and God, but see *Franciscan Fathers* v. *Town of Pittsfield* (1952), 97 NH 396 (89 A2d 752). However, we are constrained to find that the trial court did not err in finding a nonuse of this land for exemption purposes when he found evidence that such beneficial activity was infrequently done on the parcels in dispute.

We are reluctant to substitute our judgment for that of the trial court, sitting without a jury, in any case concerning a determination of fact. *Fister* v. *Henschel* (1967), 7 Mich App 590; GCR 1963, 517.1, 810(2). We also hold as a matter of law that plaintiff has failed to bring itself under the exemption provisions of CL 1948, § 211.7, as amended by PA 1963, No 148 (Stat Ann 1965 Cum Supp § 7.7), by reason of its not occupying or using these parcels in any appreciable *quantum* for the stated purposes

of its religious organization, and that such decisions by the trial court were not erroneous.

Plaintiff asks further whether the trial court erred in affirming a decision of the State tax commission which "did not state facts and reasons". While this particular ground has been successfully urged in other cases such as *Pavilion Apartments, Inc.*, v. *State Tax Commission* (1964), 373 Mich 601, and *O. M. Scott & Sons Company* v. *State Tax Commission* (1965), 1 Mich App 184, we do not see how it is cogent in the instant appeal. Plaintiff sought recovery of property taxes, in effect seeking a judicial declaration of the taxable status of its various properties. The form order utilized by the commission is not relevant to the particular nature of the instant matter.

Affirmed. Costs to appellee.

BURNS and NEAL FITZGERALD, JJ., concurred.