BUITEN *v.* WALTER KIDDE & CO., INC.

APPEAL AND ERROR—FINDINGS OF TRIAL COURT—REVIEW.
> The Court of Appeals will not reverse a trial court's decision,
> even if, after a review of the record, it disagreed with its
> findings, unless it could find that the trial court was clearly
> erroneous (GCR 1963, 517.1).

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 January 7, 1970, at Grand Rapids. (Docket No. 6,183.) Decided February 23, 1970.

Complaint by Paul Buiten against Walter Kidde & Co., Inc., a New York corporation, for bonus payments under an employment contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Hillman, Baxter & Hammond* (*Joel M. Bayden,* of counsel), for plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (*Peter Armstrong,* of counsel), for defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. In this cause, plaintiff brought suit in Kent County Circuit Court against defendant for monies allegedly owed to him by one of its divisions,

the Weber Showcase and Fixture Company, for bonuses earned in 1963, 1964, and 1966.

The trial court, sitting without a jury, found that plaintiff was promised as part of his employment contract, by which he was persuaded to leave his previous position, that he would receive a bonus of 12–1/2% of the improvement of the Grand Rapids division for 1963 over 1962, less certain nonrecurring expenses. The trial court found that plaintiff rightfully relied on this promise and that therefore the defendant was bound to pay for the benefit conferred upon it by the plaintiff. The amount owed for 1963 was found to be $13,270.50 plus 5% interest from January 1, 1964.

The trial court rejected defendant's claim that by accepting a payment of $1,250.00 in July of 1964, the plaintiff waived any claim he might have had for a larger bonus for 1963. The court found that $1,250.00 was not connected with plaintiff's claimed bonus for 1963. It also found that plaintiff was not entitled to anything in addition to the $1,250.00 for 1964.

With regard to 1966, the court found that when plaintiff had made known his intention to resign in mid-1966, he was "begged to stay on" and promised not only by his immediate superior, but also by a high officer in the home office that if he stayed, he would receive a bonus which was then projected to be about $3,000. The court found that the mid-year projection was based on division earnings of approximately $200,000.

The court found that relying on this promise, the plaintiff remained in his position until January 3, 1967. Since the actual earnings of the division were in excess of $446,000, the bonus as computed by the trial court came to $6,700. Against this figure the trial court credited the $6,000 which the plaintiff had

drawn from the company's account prior to his leaving. He used the money to pay his income taxes.

Although the defendant claims that plaintiff's actions constituted embezzlement, the trial court found that the plaintiff had acted in good faith, without any criminal intent in his somewhat ill-advised self-help acquisition; and therefore, was not barred from claiming his 1966 bonus. The court further found that plaintiff was not bound by the restriction found in the 1965 bonus plan which said that any bonuses not paid prior to an employee's leaving were lost to that employee.

The amount due from 1966 then according to the trial court was $700.00 plus 5%, or $758.89. Even if after a review of the record presented, we disagreed with the trial court's findings, we would not reverse unless we were to find that the trial court was clearly erroneous. GCR 1963, 517.1; see also *Lake Louise Christian Community* v. *Hudson Township of* (1968), 10 Mich App 573, 581.

Having reviewed the record and examined the authorities relied upon by the defendant, we do not find that the trial court erred either in its findings of facts, or in its application of the law.

Further, we agree with the trial court that plaintiff justifiably relied on the promises made to him both in hiring and in keeping him on the job through 1966. Consequently, we affirm.

Affirmed. Costs to plaintiff.