FISHER v SUNFIELD TOWNSHIP

Docket No. 94592. Submitted July 29, 1987, at Grand Rapids. Decided
October 19, 1987.

John F. Fisher and Sandra Fisher expended $49,700 in the
restoration of a century-old farmhouse located in Sunfield
Township. The Fishers sought to have that entire amount
excluded from the computation of the true cash value for
taxation purposes pursuant to the provision of the act which
provides that the assessor shall not consider expenditures for
normal repairs, replacement and maintenance in determining
the true cash value for tax assessment purposes. Sunfield
Township exempted from the true cash value $6,550 for 1983
and $9,000 for 1984, to reflect what was felt to be the reason-
able cost of the new roof, siding and windows. The township
refused to grant an exemption for the remainder of the claimed
expenses on the basis that they did not constitute normal
maintenance within the meaning of the statute. The Fishers
appealed to the board of review, which upheld the assessment.
The Fishers petitioned for review by the Michigan Tax Tribu-
nal. Following a hearing, a tribunal referee affirmed the deci-
sion of the board of review. Following a further hearing, the
Tax Tribunal determined that the value of the improvements,
rather than the actual expenditures for the improvements, was
the proper measure in computing the exemptions from the true
cash value, that petitioners had failed to carry their burden of
proof with respect to establishing the value of the improve-
ments and that, accordingly, the cause was dismissed. Petition-
ers appealed.

The Court of Appeals *held:*

1. The Tax Tribunal made a clear error of law in holding
that it is the contribution to the total cash value of the
property rather than the actual expenditures which should be

REFERENCES

Am Jur 2d, State and Local Taxation §§ 759 *et seq.*

Requirement of full-value real property taxation assessments. 42
ALR4th 676.

Tax assessor's civil liability to taxpayer for excessive or improper
assessment of real property. 82 ALR2d 1148.

excluded from the computation of true cash value for tax purposes.

2. The statute permits the exclusion of the reasonable value of normal repairs, replacement or maintenance. The burden of proving that expenditures which are made were reasonable and normal rests with the taxpayer seeking the exemption.

Reversed and remanded.

1. TAXATION — REAL PROPERTY — HOME REPAIRS — EXEMPTION FROM TAXATION.

The language of the act which exempts from the computation of true cash value of residential real property for the purpose of ad valorem taxation the value of certain repairs, replacement and maintenance is not ambiguous, since the phrase "value attributable" as used in the act was intended by the Legislature to mean exactly the same thing as the term "expenditures" as used in the act (MCL 211.27[2]; MSA 7.27[2]).

2. TAXATION — REAL PROPERTY — HOME REPAIRS — EXEMPTION FROM TAXATION — BURDEN OF PROOF.

The act exempting from the computation of true cash value of residential real property for the purpose of ad valorem taxation the value of certain repairs, replacement and maintenance limits the amount that may be exempted to the reasonable value of normal repairs, replacement or maintenance; the taxpayer seeking such an exemption bears the burden of showing that the expenditures sought to be made exempt were reasonable and were for normal repairs, replacement and maintenance (MCL 211.27[2]; MSA 7.27[2]).

*Reid, Reid, Perry, Lasky, Hollander & Chalmers, P.C.* (by *Michael H. Perry*), for petitioners.

*Bauckham, Reed, Lang, Sparks, Rolfe & Thomsen, P.C.* (by *Linda E. Thompson*), for respondent.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

CYNAR, P.J. Petitioners appeal as of right from an August 4, 1986, decision of the Michigan Tax Tribunal.

* Circuit judge, sitting on the Court of Appeals by assignment.

Although the testimony at the Tax Tribunal hearing was not transcribed, the facts are not in material dispute. Petitioners' home was built in 1865. The entire parcel of property contains 9.98 acres, outbuildings, a house, and a well and septic system. The property has been in Mrs. Fisher's family since 1855. Originally, the property was a Centennial farm.

After Sandra's grandmother left the home, petitioners began to restore it. The total cost of restoration amounted to $49,700 and included the following items: (1) outside painting of the home; (2) repairing or replacing siding; (3) repairing or replacing the roof; (4) repairing or replacing the porch; (5) repainting, repairing or replacing the existing masonry; (6) adding or replacing gutters or downspouts; (7) replacing storm windows and doors; (8) installing insulation and weather stripping; (9) rewiring; (10) replacing plumbing fixtures; (11) replacing light fixtures (included in rewiring); (12) replacing the furnace; (13) painting the interior; (14) installing cabinets; (15) replacing the inside ceilings and walls; (16) replacing the floor surfaces; (17) removing partitions; (18) replacing the water heater (included in replacement of plumbing fixtures); and (19) replacing dated interior woodwork. Petitioners also added more living space, the assessed value of which is not in dispute.

The Fishers submitted a request for nonconsideration of normal repair and maintenance expenditures pursuant to the home improvement act, MCL 211.27; MSA 7.27, for the 1983 tax year. The form signed by Mr. Fisher itemized the costs of the repairs totalling $49,700 as expenditures which were not part of the structural addition. The form assessed the estimated value of the home after repair and maintenance as $32,750, before repair

and maintenance as $10,000, and the value of repair and maintenance for nonconsideration came to $6,550.

In response to the Fishers' request for nonconsideration, the township gave petitioners a credit of $6,550 for the cost of the new roof, siding and windows. For 1984, respondent increased this credit to $9,000. The township rejected the remainder of petitioners' expenditures on the basis that they were not for improvements which would constitute "normal maintenance" within the meaning of the act because those additional improvements changed the character of the property and greatly extended its useful life. The respondent argues that the remainder of the improvements constitute a betterment of the property.

The 1983 assessment was based upon a cash value of $46,950. The 1984 assessment was based upon a cash value of $56,750. Petitioners maintained that the entire cost of repairs amounting to $49,700 should be excluded from consideration in the 1983 and 1984 determination of the true cash value of the property.

Subsequently on March 15, 1983, petitioners appealed the 1983 and 1984 tax assessments to the township board of review. The board ruled against petitioners and upheld the assessments.

Thereafter, the Fishers filed in the Tax Tribunal a petition for review of the board's decision. A hearing referee in the Tax Tribunal's Small Claims Division affirmed the board's decision which had established an assessed value of $23,475 for 1983 and $28,375 for 1984.

Following a rehearing, the Tax Tribunal ordered that the judgment of the hearing referee entered November 28, 1984, be vacated and dismissed the cause. The Tax Tribunal determined that the value of the improvements listed in the act, rather

than the actual expenditures for the improvements, should be used for nonconsideration in figuring the true cash value of the property. The Tax Tribunal concluded that the Fishers had failed to meet their burden of proving how much the value of the property had been enhanced. From this decision, petitioners appeal.

Petitioners claim that the Tax Tribunal's decision should be reversed because the Tax Tribunal had adopted a wrong principle in its construction of the language of the act, the Tax Tribunal's decision was contrary to the act's common-law meaning, and the Tax Tribunal's decision was not supported by competent, material and substantial evidence.

In their first ground for error, petitioners maintain that the Tax Tribunal adopted a wrong principle and committed a legal error when it relied upon matters outside of the act and interpreted provisions of the act contrary to their clear, definite and easily understood meaning.

MCL 211.27(2); MSA 7.27(2) provides:

> (2) The assessor, beginning December 31, 1976, *shall not consider expenditures for normal repairs, replacement, and maintenance in determining the true cash value of property for assessment purposes until the property is sold. Value attributable to the items included in subdivisions (a) to (o) which is known to the assessor and excluded from true cash value shall be indicated on the assessment roll.* This subsection shall apply only to residential property. The following repairs shall be considered normal maintenance if they are not part of a structural addition or completion:
>
> (a) Outside painting.
> (b) Repairing or replacing siding, roof, porches, steps, sidewalks, and drives.
> (c) Repainting, repairing, or replacing existing masonry.

(d)  Replacement of awnings.

(e)  Adding or replacing gutters and downspouts.

(f)  Replacing storm windows or doors.

(g)  Insulation or weatherstripping.

(h)  Complete rewiring.

(i)  Replacing plumbing and light fixtures.

(j)  New furnace replacing a furnace of the same type or replacing oil or gas burner.

(k)  Plaster repairs, inside painting, or other redecorating.

(l)  New ceiling, wall, or floor surfacing.

(m) Removing partitions to enlarge rooms.

(n)  Replacing automatic hot water heater.

(o)  Replacing dated interior woodwork. [Emphasis added.]

The emphasized portion of the statute is in dispute. Petitioners argue that, in accordance with the plain language of the statute, the actual expenditures should be utilized for nonconsideration in determining the true cash value. Respondent contends that it is the contribution to the total cash value of the property which is to be excluded.

We agree with petitioners' construction of the statute. The rules of statutory construction were concisely set forth in *Nicholas v Michigan State Employees Retirement Bd,* 144 Mich App 70, 74; 372 NW2d 685 (1985):

(1) [W]hen a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application.

See also *Latham v Wedeking,* 162 Mich App 9; 412
NW2d 225 (1987).

This Court's review of Tax Tribunal decisions, in
the absence of fraud, is limited to whether the Tax
Tribunal made an error of law or adopted a wrong
principle. The Court accepts the factual findings of
the Tax Tribunal as final, provided they are sup-
ported by competent, material and substantial
evidence. Const 1963, art 6, § 28; *Antisdale v City
of Galesburg,* 420 Mich 265, 277; 362 NW2d 632
(1984); *Xerox Corp v Oakland Co,* 157 Mich App
640, 647; 403 NW2d 188 (1987).

We conclude that there is no ambiguity in the
statute. The first sentence states that the assessor
"shall not consider *expenditures for normal re-
pairs, replacement, and maintenance* in determin-
ing true cash value of property for assessment
purposes until the property is sold." The very next
sentence uses the phrase "[v]alue attributable to
the items included in subdivisions (a) to (o)." We
do not agree with respondent's contention that the
language "value attributable" is different from the
word "expenditures" in the sense that they do not
describe the *actual value* or total amount (includ-
ing materials and labor) spent by a taxpayer on
repairs, replacements and maintenance of his
home. We conclude that the use of the phrase
"value attributable" simply refers to "expendi-
tures" and does not constitute a separate meaning
therefrom.[1] Had the Legislature intended the re-
sult argued by respondent, it would have kept the

[1] This conclusion is supported by the fact that a 1978 amendment
rewrote this section, which prior thereto read:

> The assessor, beginning December 31, 1976, shall not con-
> sider expenditures for normal repairs and maintenance in
> determining the true cash value of property for assessment
> purposes. *In no event shall the amount excluded exceed
> $4,000.00 each year for not to exceed 3 consecutive years.* [1976
> PA 293.]

pre-1978 language. Since such an amount was deleted, we are inclined to believe that the Legislature intended the actual amount expended to be included for purposes of nonconsideration in assessing the true cash value of residential property.

While we find that the Tax Tribunal made an error of law in construing the first two sentences of MCL 211.27(2); MSA 7.27(2), we find that the Tax Tribunal's interpretation of what constitutes "normal repairs, replacement, and maintenance" as listed in the statute to be supported by competent, material and substantial evidence.

We do not agree with petitioners' position that, because they submitted proof of expenditures for work done on the farmhouse, this work constituted normal repairs, replacement, and maintenance, even though their bill listed the very same items as found in subsections (2)(a) to (o) of MCL 211.27; MSA 7.27.

We think that some of petitioners' repairs were far in excess of normal repairs. Based on the photographs submitted, petitioners took an old dilapidated farmhouse, which may have been of average quality and design in its day, and completely changed its external and internal appearance into a higher quality modern residence. For example, as observed by the Tax Tribunal, the old porch was extremely narrow, of wood construction, and without stairs. The porch following its improvement has been widened and restyled and brick stairs of a highly attractive design of superior quality have been installed.

The board of review and the referee refused to allow petitioners credit for the repairs to their home other than the value of repair or replacement of the roof, siding and windows. The Tax Tribunal refused to give credit for anything. The

reasonable value of all of the repairs, replacement or maintenance conducted by petitioners should have been utilized for nonconsideration in determining true cash value.

Further, we are not convinced from the record presented that petitioners submitted sufficient proofs showing that these expenditures were reasonable and normal, rather than constituting a betterment. We remand to the Tax Tribunal for a rehearing. Petitioners shall be afforded further opportunity to submit proofs.

Accordingly, we reverse and remand the case to the Tax Tribunal for rehearing not inconsistent with our opinion.