CHAUNCEY AND MARION DEERING McCORMICK
FOUNDATION v WAWATAM TOWNSHIP

Docket No. 115564. Submitted June 18, 1990, at Grand Rapids.
Decided August 1, 1990; approved for publication November 9,
1990, at 9:00 A.M.

The Chauncey and Marion Deering McCormick Foundation, an
Illinois nonprofit corporation organized for charitable, educa-
tional, scientific, literary, and religious purposes, owns 520
acres of property in Wawatam Township, which it makes
available to nonprofit organizations for usages consistent with
its articles of incorporation. In 1979, the township granted the
foundation a tax exemption for 482 acres of the property, and,
in 1984, the remaining thirty-eight acres were granted tax
exempt status. In 1985, the township placed the thirty-eight-
acre portion back on the tax rolls, and in 1986 placed the
remaining 482 acres on the rolls. The foundation petitioned the
Tax Tribunal, contesting the township's denial of exempt sta-
tus. The tribunal ruled that the township failed to provide the
foundation with an opportunity to be heard with respect to
placement of the thirty-eight-acre parcel on the tax rolls in
1985 and that the 1985 assessment and tax on that parcel was
invalid and unenforceable. The tribunal then held that the
entire 520-acre property was taxable in 1986 on the basis that
the property did not qualify for an exemption because the
foundation was an Illinois corporation not incorporated under
the laws of Michigan. The foundation appealed.

The Court of Appeals held:

1. The Tax Tribunal made an error of law and adopted a
wrong principle when it concluded that the foundation was not
entitled to tax exempt status because it was incorporated in a
foreign state. A state may not deny an otherwise qualified out-
of-state institution tax exempt status solely because it was
incorporated in another state. Such action violates the Equal
Protection Clause of the Fourteenth Amendment.

2. The record is inadequate to determine whether the founda-
tion meets the remaining requirements for an exemption under
the statute. Thus, the matter must be remanded to the tribunal
for such a determination without consideration of the unconsti-

tutional requirement in the statute that the institution be incorporated in Michigan.

    Reversed and remanded.

*Simpson & Moran, P.C.* (by *Lloyd C. Fell*), for the petitioner.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Scott G. Smith*), for the respondent.

Before: Hood, P.J., and Holbrook, Jr., and Neff, JJ.

Per Curiam. Petitioner appeals as of right from the January 5, 1989, opinion and judgment of the Tax Tribunal vacating the proposed judgment of the hearing officer and denying petitioner's claim that it was entitled to a tax exemption for its property pursuant to MCL 211.7-o; MSA 7.7(4-l). We reverse and remand.

Petitioner is an Illinois nonprofit corporation, organized for charitable, educational, scientific, literary, and religious purposes, which owns 520 acres of property in respondent Wawatam Township known as the Headlands Conference Center. Petitioner makes Headlands available to nonprofit organizations for usages consistent with its articles of incorporation.

In 1979, petitioner was granted a tax exemption by the township for 482 acres of the Headlands property. In 1984, the township granted petitioner a tax exemption on the remaining thirty-eight acres.

However, in 1985, the township placed the thirty-eight acres on the tax rolls, and in 1986 placed the 482 acres on the rolls. On June 25,

1985, and June 17, 1986, petitioner contested the denial of exemption status before the tribunal. In its 1986 petition, petitioner asked that the petitions be consolidated. This request was granted, and a hearing was held before a hearing officer on January 20, 1987. On February 23, 1988, the hearing officer entered his proposed judgment which, in pertinent part, ordered that petitioner's claim requesting a charitable exemption for all of the Headlands property be granted.

Subsequently, in a January 5, 1989, opinion and judgment, the tribunal vacated the hearing officer's proposed judgment, holding that the township failed to provide petitioner with an opportunity to be heard with respect to placement of the thirty-eight acres on the tax rolls in 1985 (see MCL 211.30[2]; MSA 7.30[2]), and that the 1985 assessment and resulting tax on the thirty-eight acres was invalid and unenforceable.

However, the tribunal expressly ruled that petitioner's *entire* Headlands property was taxable in 1986. In rendering this decision, the tribunal stated that it was clear that petitioner's property did not qualify for an exemption because it was an Illinois corporation not incorporated under the laws of Michigan as required by MCL 211.7-o; MSA 7.7(4-l).

On January 17, 1989, petitioner requested the tribunal to vacate that portion of its judgment. In a February 23, 1989, order the tribunal denied petitioner's motion.

I

On appeal, petitioner first argues that the tribunal incorrectly denied its claim for a tax exemp-

tion because it was not incorporated in Michigan. We agree.[1]

This Court's review of Tax Tribunal decisions, in the absence of fraud, is limited to whether the tribunal made an error of law or adopted a wrong principle. We accept the factual findings of the tribunal as final, provided they are supported by competent, material, and substantial evidence. Const 1963, art 6, § 28; *Antisdale v City of Galesburg,* 420 Mich 265, 277; 362 NW2d 632 (1984); *Fisher v Sunfield Twp,* 163 Mich App 735, 741; 415 NW2d 297 (1987).

The statute at issue in this case, MCL 211.7-o; MSA 7.7(4-1), states:

> Real estate or personal property owned and occupied by nonprofit charitable institutions *incorporated under the laws of this state* with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated; and charitable homes of fraternal or secret societies and nonprofit corporations whose stock is wholly owned by religious or fraternal societies which own and operate facilities for the aged and chronically ill, in which the net income from the operation of the corporations does not inure to the benefit of any person other than the residents is exempt from taxation under this act. [Emphasis added.]

The tribunal ruled that petitioner was not entitled to an exemption because it was not incorporated in Michigan. However, a panel of this Court in *American Youth Foundation v Benona Twp,* 37 Mich App 722; 195 NW2d 304 (1972), lv den 387 Mich 782 (1972), held that the portion of MCL

---

[1] We note that the Tax Tribunal also erroneously concluded that petitioner had not raised the out-of-state incorporation issue before the hearing officer. Petitioner's counsel raised the issue in its closing argument before the officer.

211.7; MSA 7.7 (now 211.7-o; MSA 7.7[4-l]) which denied tax exempt status on the basis of out-of-state incorporation was unconstitutional because it denied equal protection of the law to an otherwise qualified corporation on the basis of its incorporation in a foreign state. *American Youth Foundation, supra,* pp 723-724. In reaching this conclusion, the Court relied upon *WHYY, Inc v Glassboro,* 393 US 117; 89 S Ct 286; 21 L Ed 2d 242 (1968), in which the United States Supreme Court held that a state may not deny an otherwise qualified out-of-state institution tax exempt status because it was incorporated in another state. 393 US 119-120. The Supreme Court ruled that such action violated the Equal Protection Clause of the Fourteenth Amendment, US Const, Am XIV. *Id.* See also OAG, 1985-1986, No 6385, p 364 (September 12, 1986).

We are in complete agreement with this authority and also note that the township conceded at oral argument that the Tax Tribunal could not deny an exemption under MCL 211.7-o; MSA 7.7(4-l) solely because of out-of-state incorporation. Therefore, we believe that the Tax Tribunal made an error of law and adopted a wrong principle when it concluded that petitioner was not entitled to tax exempt status because it was incorporated in a foreign state.

II

Petitioner next argues and the township also argues that a sufficient record exists for this Court to determine whether petitioner meets the remaining requirements for an exemption under MCL 211.7-o; MSA 7.7(4-l). However, we decline the parties' invitation to review this issue because we believe that the record is inadequate to make such a determination.

The tribunal ruled only upon the opportunity to be heard and out-of-state incorporation issues. The tribunal expressly stated that it did not deem it necessary to determine whether petitioner was a charitable institution for purposes of MCL 211.7-o; MSA 7.7(4-l). Furthermore, the tribunal never addressed whether petitioner satisfied the other requirements for an exemption under the statute. See *Edsel & Eleanor Ford House v Village of Grosse Pointe Shores,* 134 Mich App 448, 455; 350 NW2d 894 (1984), lv den 419 Mich 961 (1984). Consequently, we believe that the appropriate procedure would be to remand the case to the tribunal for a determination of whether petitioner would qualify for an exemption under the remaining requirements of MCL 211.7-o; MSA 7.7(4-l). However, we instruct the tribunal not to consider the unconstitutional requirement that the institution be incorporated in this state.

### III

In light of the foregoing conclusions, we reverse that portion of the tribunal's January 5, 1989, judgment ruling that petitioner was not entitled to an exemption because it was incorporated in a foreign state and remand for further proceedings consistent with this opinion.

Reversed and remanded.