CHAUNCEY AND MARION DEERING McCORMICK
FOUNDATION v WAWATAM TOWNSHIP (AFTER REMAND)

Docket No. 133210. Submitted February 11, 1992, at Grand Rapids.
    Decided July 24, 1992; approved for publication September 30,
    1992, at 9:20 A.M.

    The Chauncey and Marion Deering McCormick Foundation, an
    Illinois nonprofit corporation organized for charitable, educa-
    tional, scientific, religious, and literary purposes, petitioned the
    Tax Tribunal, contesting Wawatam Township's denial of tax-
    exempt status with regard to 520 acres of property owned by
    the petitioner in the township and known as the Headlands
    Conference Center. The tribunal ruled that the township failed
    to provide the petitioner an opportunity to be heard with
    regard to the placement of part of the property on the tax rolls.
    The tribunal then found that the entire 520 acres was taxable
    because the property did not qualify for exemption because the
    petitioner was not incorporated under the laws of Michigan.
    The Court of Appeals, Hood, P.J., and Holbrook, Jr., and
    Neff, JJ., reversed and remanded. 186 Mich App 511 (1990).
    On remand, the tribunal held that the petitioner was entitled
    to a tax exemption pursuant to MCL 211.7-o; MSA 7.7(4-l). The
    township appealed.

        After remand, the Court of Appeals *held:*

        1. The proper focus for determining whether an organization
    is a charitable organization entitled to a charitable exemption
    is whether the organization's activities, taken as a whole,
    constitute a charitable gift for the benefit of the general public
    without restriction or for the benefit of an indefinite number of
    persons. There is competent, material, and substantial evidence
    on the record to support a finding that, although the Headlands
    is not open to the general public without restriction, it is
    available for the benefit of an indefinite number of persons.

        2. The use of the Headlands property is consistent with the
    purposes for which the petitioner was incorporated.

        3. There is competent, material, and substantial evidence on

REFERENCES
Am Jur 2d, State and Local Taxation §§ 480-482.
See the Index to Annotations under Charities and Charitable
    Contributions; Nonprofit Organizations; Taxes.

the record to support the tribunal's finding that the entire Headlands property was occupied or used in a manner consistent with the petitioner's charitable purposes.

Affirmed.

1. TAXATION — EXEMPTIONS — NONPROFIT ORGANIZATIONS — CHARITABLE INSTITUTIONS.

   A nonprofit organization seeking exemption from property taxes as a charitable institution must show that its activities, taken as a whole, constitute a charitable gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons (MCL 211.7-o; MSA 7.7[4-l]).

2. TAXATION — EXEMPTIONS — NONPROFIT ORGANIZATIONS — CHARITABLE ORGANIZATIONS — REAL PROPERTY — UNDEVELOPED PROPERTY.

   The property of a nonprofit charitable organization may be determined to be occupied or used in a manner consistent with the organization's charitable purposes and thus exempt from property taxes where, despite the fact that part of the property is undeveloped, the entire property is occupied or used in a manner consistent with the organization's charitable purposes; it is not proper to base such a determination on whether the organization occupied or used the undeveloped property in any appreciable amount for the stated purposes of the organization.

*Bodman, Longley & Dahling* (by *Lloyd C. Fell*), for the petitioner.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Douglas W. VanEssen* and *Thomas M. Wardrop*), for the respondent.

AFTER REMAND

Before: McDONALD, P.J., and SULLIVAN and REILLY, JJ.

PER CURIAM. Respondent, Wawatam Township, appeals as of right from a decision of the Michigan Tax Tribunal granting petitioner's request for a tax exemption pursuant to MCL 211.7-o; MSA 7.7(4-1). We affirm.

Petitioner is a nonprofit corporation organized for charitable, educational, scientific, religious, and literary purposes. Petitioner owns 520 acres of property in Wawatam Township known as the Headlands Conference Center (the Headlands). The Headlands is available to nonprofit organizations for uses consistent with petitioner's articles of incorporation.

In 1979, the township granted petitioner a property tax exemption on 482 acres of the Headlands. An exemption was granted on the remaining thirty-eight acres in 1984. However, in 1985, the township placed the thirty-eight acres back on the tax rolls. In 1986, the 482 acres were also placed on the tax rolls.

Petitioner contested the revocation of the tax exemption before the Tax Tribunal. The matter was heard by a tribunal hearing officer, who issued a proposed order holding that petitioner was entitled to an exemption pursuant to MCL 211.7-o; MSA 7.7(4-1). Subsequently, the tribunal issued an opinion and judgment rejecting the hearing officer's proposed judgment. The tribunal found that the 1985 assessment and tax on the thirty-eight acres was invalid because petitioner was denied the opportunity to be heard with regard to the placement of the thirty-eight acres on the tax rolls. However, the tribunal found that the entire 520 acres was taxable in 1986. The tribunal reasoned that the property did not qualify for an exemption because petitioner was an Illinois corporation not incorporated under the laws of Michigan as required by MCL 211.7-o; MSA 7.7(4-1).

Petitioner appealed to this Court, which held that the Tax Tribunal made an error of law and adopted a wrong principle when it concluded that petitioner was not entitled to tax-exempt status because it was incorporated in a foreign state.

*Chauncey & Marion Deering McCormick Foundation v Wawatam Twp,* 186 Mich App 511, 515; 465 NW2d 14 (1990). The Court reversed and remanded the case to the Tax Tribunal for a determination whether petitioner qualified for an exemption under the remaining requirements of MCL 211.7-o; MSA 7.7(4-1). *Id.* at 515-516.

On remand, the Tax Tribunal adopted the original findings of the hearing officer and held that petitioner was entitled to a tax exemption pursuant to MCL 211.7-o; MSA 7.7(4-1). It is this decision that respondent appeals.

Our review of the Tax Tribunal's decision is limited to determining whether the decision is authorized by law and is supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Moorland Twp v Ravenna Conservation Club, Inc,* 183 Mich App 451, 453; 455 NW2d 331 (1990).

I

Pursuant to the General Property Tax Act, all real and personal property within the jurisdiction of this state and not expressly exempted is subject to taxation. MCL 211.1; MSA 7.1. Generally, tax-exempt statutes must be strictly construed in favor of the taxing authority. *Michigan United Conservation Clubs v Lansing Twp,* 423 Mich 661, 664; 378 NW2d 737 (1985) (hereafter mucc). However, this does not mean that we will give a constrained construction that is adverse to the Legislature's intent. *Id.* The organization seeking the exemption has the burden of showing that the requirements for an exemption have been met. *Moorland Twp, supra* at 453.

In this case, the Tax Tribunal found that the Headlands was entitled to a tax exemption as

property owned and occupied by a nonprofit charitable institution pursuant to MCL 211.7-o; MSA 7.7(4-1). That section provides that real property "owned and occupied by nonprofit charitable institutions . . . while occupied by them solely for the purposes for which they were incorporated" is exempt from taxation.

The proper focus for determining whether an organization is a charitable organization entitled to a charitable exemption is "whether [the organization's] activities, taken as a whole, constitute a charitable gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons." *MUCC, supra* at 673; *Moorland Twp, supra* at 458.[1]

In *MUCC,* the Supreme Court found that a conservation club was not a charitable organization for the purposes of the statute because its activities did not amount to gifts for the benefit of an indefinite number of persons or the general public without restriction. The Court held that the many activities engaged in by the organization to advance a particular point of view, or to obtain favorable legislation, should have a neutral effect on determining whether it should be granted tax-exempt status.[2] The remaining activities, including distribution of its publication for a fee covering costs and the operation of an office building and library that was generally not available to non-

---

[1] "[C]harity . . . [is] a *gift,* to be applied consistently with existing laws, *for the benefit of an indefinite number of persons,* either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or *otherwise lessening the burdens of government." MUCC, supra* at 671, quoting *Retirement Homes of the Detroit Annual Conference of the United Methodist Church, Inc v Sylvan Twp,* 416 Mich 340, 348-349; 330 NW2d 682 (1982), and cases cited therein. (Emphasis in original.)

[2] The Court declined to rule that political or lobbying activity would never be relevant. See *MUCC, supra* at 673, n 6.

members, were not considered to be gifts. Considering all the activities as a whole, the Court agreed with the Tax Tribunal that the conservation organization was not entitled to the tax exemption on its real property. *MUCC, supra* at 674.

In contrast, in *Moorland Twp, supra,* this Court distinguished *MUCC,* and found that a conservation club that provided classes and publications to the public free of charge, and whose property was always available to the general public, was a charitable organization for the purposes of the exemption statute. *Moorland Twp, supra* at 460.

In both *MUCC* and *Moorland Twp,* the availability of the organization's property for use by the general public was one of the factors considered in determining whether the organization was entitled to a charitable exemption. However, the focus in those cases was on the organization's activities as a whole.

In this case, respondent does not argue that petitioner's *activities as a whole* do not constitute a charitable gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons. Rather, the township argues that petitioner is not entitled to the exemption because *the Headlands property* was not available for use by the general public without restriction or for the benefit of an indefinite number of persons. Therefore, for the purposes of this appeal, we will assume that any other activity engaged in by petitioner constitutes a charitable gift for the general public without restriction or benefits an indefinite number of persons.[3] Our review will be limited to respondent's argument with regard to the Headlands property only.

---

[3] On the basis of our review of the record, it appears that petitioner is a grant-making foundation that makes financial grants to other organizations. Moreover, petitioner apparently owns other real estate in Michigan in addition to the Headlands property.

The Tax Tribunal found that the Headlands Conference Center and property is available for use by nonprofit organizations who wish to use the property for scientific, religious, educational, or literary purposes. It also determined that no fees are charged for the use of the property and there is no limitation on the number of people who may use the property in connection with these programs, other than the limitations of the property itself. For example, the facilities contain only a certain number of beds, so the number of overnight visitors may be restricted.

Our review of the record indicates that the property was used by various organizations during the 1984-86 period. For ten weeks during the summer of each of those years, the conference center was used in connection with the Headlands Indian Health Careers Program, an intensive program for American Indian college students from around the country who are interested in pursuing a medical career. The property was also used by the Presbytery of Mackinac, which is made up of approximately forty churches in the upper and northern lower peninsulas, and other groups for conferences and religious retreats. Additionally, the property surrounding the conference center was used by the faculty and students of the University of Michigan Biological Station, the Michigan Botanical Club, and the Red Tail Hawk Society on an unrestricted basis. Petitioner has never turned down a group or organization requesting the use of the property.

Respondent argues that the Headlands is not available for use by an indefinite number of people because it has an unlisted phone number and is not generally advertised. However, several groups from Michigan and around the country have made inquiries regarding the use of the facilities. Addi-

tionally, every year an open house, which is advertised through area churches and the chamber of commerce, is held on the property.

We conclude that there is competent, material, and substantial evidence on the record to support a finding that, although the Headlands is not open to the general public without restrictions, it is available for the benefit of an indefinite number of persons.

II

Respondent also argues that petitioner is not entitled to an exemption under the statute because the property is not used solely for the purposes for which petitioner is incorporated. Specifically, respondent argues that by permitting the operation of the Headlands Indian Health Careers Program on the property, petitioner is violating its articles of incorporation, which prohibit it from operating a "post-secondary educational institution or a vocational school." We disagree.

The health careers program is administered by the University of Oklahoma. Petitioner does not provide any faculty or staff for the program. By permitting the program to be conducted on the Headlands property, petitioner is not "operating" a postsecondary educational institution, but is permitting the property to be used for educational purposes. This is a use that is entirely consistent with the purposes for which petitioner was incorporated. See *Edsel & Eleanor Ford House v Village of Grosse Pointe Shores,* 134 Mich App 448, 462; 350 NW2d 894 (1984).

III

Lastly, respondent argues that petitioner does

not qualify for an exemption because it does not occupy or use the land "in any appreciable quantum for the stated purposes." The findings of the hearing officer in this regard are as follows:

> Respondent-township also suggests that the Headlands property was not used in sufficient quantum to justify exemption. Petitioner, in response, submits that the so-called "quantum-of-use" test, first introduced in *Lake Louise Christian Community v Hudson Twp,* 10 Mich App 573 [159 NW2d 849] (1968), which test the township itself concedes has fallen into legal disrepute, should in no manner control Petitioner's exemption entitlement. In fact, Petitioner suggests that the evidence indicated use of its total Headlands acreage commensurately with the foundation's exempt purposes. Thus, the Headlands' road system is used daily for jogging by summer students; the acreage is used for field biology and botany studies and contains areas of testified-to ecological significance; the property is used for informal gatherings; and the entire acreage was credited with contributing to "the totality of the Headlands experience" for user groups. Petitioner contends, therefore, that as in *National Music Camp v Green Lake Twp,* 76 Mich App 608 [257 NW2d 188] (1977), and *Kalamazoo Nature Center, Inc v Cooper Twp* [104 Mich App 657; 305 NW2d 283 (1981)], the entire Headlands property furthers the charitable uses of the conference center and fully qualifies the total acreage for exemption. This Hearing Officer concurs.

In *Lake Louise Christian Community v Hudson Twp,* 10 Mich App 573; 159 NW2d 849 (1968), the Court found that a religious organization did not occupy or use undeveloped property in any appreciable *quantum* for the stated purposes of the organization. *Id.* at 581-582. However, in *National Music Camp v Green Lake Twp,* 76 Mich App 608; 257 NW2d 188 (1977), the Court rejected the no-

tion that certain parcels of an educational organization's property was not exempt because it was undeveloped. The Court held that the "*quantum* of use" test did not apply to educational organizations and noted:

> Possibly such a test may have been appropriate half a century ago when environmental concerns were virtually nonexistent and nature study centers were rare. However, now our concepts of education are greatly expanded. Indeed, were such an extreme test utilized by the courts, innovative educational ideas would be stifled. [*Id.* at 611.]

See also *Kalamazoo Nature Center, Inc v Cooper Twp,* 104 Mich App 657; 305 NW2d 283 (1981), where the Court found that thirty-one acres of a nature center that was not open to the public was nevertheless "used" for purposes of the exemption statute. The thirty-one acres was found to be a demonstration project used to develop "a better understanding and appreciation of our natural surroundings and of the problems of wise management of our nature resources." *Id.* at 666.

We adopt the approaches utilized in *National Music Camp, supra,* and *Kalamazoo Nature Center, supra,* and conclude that there was competent, material, and substantial evidence on the record to support the tribunal's finding that the entire Headlands property was "occupied" or used in a manner consistent with petitioner's charitable purposes. The faculty and students of the Headlands Indian Health Careers Program used the different areas of the property for educational and recreational purposes. Additionally, various groups interested in studying and observing plant and animal life utilized the property for these purposes. The groups that attended conferences or retreats at the Headlands did not confine themselves to the

conference center buildings, but continued discussions while walking throughout the property. Indeed, it appears that it is the beauty and seclusion of the surrounding property that made the Headlands so desirable to these groups.

The decision of the tax tribunal is affirmed.