OPINION OF THE COURT
Edward S. Conway, J.
This is a declaratory judgment action in which both plaintiffs seek a judgment: (1) declaring that Tax Law § 184 (1), insofar as it imposes taxes on the gross receipts of plaintiffs, is unconstitutional insofar as it seeks to tax the gross receipts of the plaintiffs derived from their operations as air express transportation companies and air freight forwarders; and (2) preliminarily and permanently enjoining defendants from assessing, imposing or collecting any tax pursuant to Tax Law § 184 (1) from the plaintiffs.
The defendants have answered both complaints of the plaintiffs and have requested in their answers a declaratory judgment that Tax Law § 184 is constitutional and that defendants are not preempted by the Federal Aviation Act, 49 USC § 1513 and the Supremacy Clause of the United States Constitution, from imposing taxes on New York gross receipts imposed by section 184 on freight forwarders such as plaintiffs. Plaintiffs have moved for summary judgment on the complaints and defendants have cross-moved for summary judgment dismissing same.
Plaintiff Airborne Freight Corporation (hereinafter referred to as Airborne) is both an integrated air express transportation company providing next morning small package and document delivery nationwide and an air freight forwarder moving shipments of all sizes to destinations throughout the United States and the world. The vast majority of Airborne’s domestic shipments (96% in 1985) travel on Airborne’s wholly owned subsidiary, Airborne Express, Inc., a certified all-cargo air carrier. In all instances, whether carried on Airborne Express, Inc. or on another carrier, the shipment travels under an air waybill and Airborne’s responsibility for the shipment begins at point of pickup or receipt by it and extends to the point of ultimate destination. Transportation on an aircraft is an integral part of the contract represented by the air waybill and of Airborne’s revenue.
Airborne’s activities are regulated by the Civil Aeronautics Board which issued two operating authorizations to Airborne (one for domestic operations and one for international operations) to engage in business as an air freight forwarder.
*604 Congress, in 1973, enacted the Federal preemption statute (49 USC § 1513 [a]) which provides in pertinent part: "No State * * * shall levy or collect a tax, fee, head charge, or other charge, directly or indirectly, on persons traveling in air commerce or on the carriage of persons traveling in air commerce or on the sale of air transportation or on the gross receipts derived therefrom”.
The New York State Legislature, on July 11, 1981, amended the transportation gross receipts tax to impose a tax on gross receipts from interstate business by allocating part of a transportation company’s gross receipts (including gross receipts from the sale of air transportation) to New York. The transportation gross receipts tax as amended (Tax Law § 184 [1]) provides insofar as relevant as follows: "1. Every corporation, joint-stock company or association formed for or principally engaged in the conduct of aviation * * * express * * * transfer * * * trucking * * * or formed for or principally engaged in the conduct of two or more of such businesses and every other corporation, joint-stock company or association formed for or principally engaged in the conduct of a transportation or transmission business not liable to taxation under section one hundred eighty-six or article thirty-two of this chapter, for the privilege of exercising its corporate franchise, or of doing business, or of employing capital, or of owning or leasing property in this state in a corporate or organized capacity, or maintaining an office in this state, shall pay a franchise tax which shall be equal to three-quarters of one per centum upon its gross earnings from all sources within this state”.
Plaintiff Airborne, in compliance with the transportation gross receipts tax, filed a New York State franchise tax report for 1981 and paid $40,095 tax. However, Airborne stated that it was paying the tax under protest because the transportation gross receipts tax "imposes a tax upon the gross receipts derived from the sale of air transportation in violation of 49 USC Section 1513 and relevant constitutional provisions”. In March of 1983, Airborne applied for a refund of the tax it had paid and in December of 1984, the New York State Department of Taxation and Finance denied the claim for a refund. This action by Airborne followed.
Intervenor plaintiff Air Express International Corporation’s (hereinafter referred to as AEI) business is similar to that of Airborne. It typically picks up its customers’ air freight at their premises and takes full responsibility for the shipment until delivery to the ultimate destination. The only difference *605 in the businesses is that AEI seems to have concentrated its marketing efforts on the larger shipments characteristic of traditional freight forwarders, while Airborne has elected to invest heavily in the small package/overnight letter market.
Both plaintiffs contend that the gross receipts at issue herein are derived from the sale of air transportation and as such are exempt from the transportation gross receipts tax.
This court must agree with the contentions of the plaintiffs. The Federal preemption statute (49 USC § 1513) expressly prohibits any State from taxing directly or indirectly the sale of air transportation or the gross receipts derived therefrom. The New York tax at issue herein, while called an "additional franchise tax”, is in fact a tax upon the gross receipts from the sale of air transport services and 49 USC § 1513 forbids such a tax (see, Air Transp. Assn. v Department of Taxation & Fin., 91 AD2d 169). Even though the gross earnings of Tax Law § 184 (1) are not entirely composed of gross receipts from the sale of air coverage but might have other components, the Federal statute does not allow for a construction which permits a tax either directly or indirectly on gross receipts derived from air transportation.
Both of the plaintiffs’ activities fit squarely within the definition of the sale of air transportation, as that term is used in the Federal preemption statute, in this court’s opinion.
The plaintiffs’ motion for summary judgment on their declaratory judgment action is therefore granted and the defendants’ cross motion for summary judgment dismissing the action is denied.