AIRBORNE FREIGHT CORPORATION, Respondent, and AIR EXPRESS INTERNATIONAL CORPORATION, Intervenor-Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants.

Third Department, April 7, 1988

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Francis V. Dow* and *Peter H. Schiff* of counsel), for appellants.

*Szold & Brandwen, P. C. (Peter J. Shatzkin, Alan G. Blumberg* and *Mark A. Adler* of counsel), and *McNamee, Lochner, Titus & Williams, P. C.,* for respondent.

*Galland, Kharasch, Morse & Garfinkle, P. C. (Mark S. Kahan* and *Edward D. Greenberg* of counsel), and *Read & Laniado (Howard J. Read* of counsel), for intervenor-respondent.

## OPINION OF THE COURT

LEVINE, J.

Plaintiff operates as both an air express transportation company providing expeditious air delivery of smaller packages and documents throughout the country and as an air freight forwarder for air shipments of heavier cargo nationwide and throughout the world. The services provided in these operations include pickup from the customers' locations and physical delivery at the ultimate consignees' destinations, and the ground transportation entailed in such activities. The shipments travel under a single airway bill for a fee which is not broken down into separate charges for the air and ground transportation components thereof. The vast majority of plaintiff's domestic shipments travel by air on planes of a wholly owned subsidiary, which is certified as an all-cargo air carrier. Intervenor also operates primarily as an air freight forwarder, through a wholly owned subsidiary.

The controversy giving rise to the instant action for a declaratory judgment is over the applicability of the State franchise tax on the gross receipts of transportation and transmission corporations (Tax Law § 184 [1]), and of the Federal exemption barring a State from levying a tax "directly or indirectly * * * on the sale of air transportation or on the gross receipts derived therefrom" (49 USC § 1513 [a]). The New York statute extends the tax to the State portion of a transporter's interstate transportation gross receipts, based in general on a mileage ratio (Tax Law § 184 [4] [a]) and, in the case of aviation corporations, on the average ratio of New York and non-New York arrivals and departures, tonnage and operating revenues (Tax Law § 184 [4] [b]). The statute also permits defendant State Tax Commission to adopt other meth-

ods of allocation when it decides that the method prescribed "does not fairly and equitably reflect gross earnings from all sources within this state" (Tax Law § 184 [4] [f]).

Plaintiff paid Tax Law § 184 (1) franchise taxes under protest in 1981 and then sought a refund on the basis of the Federal exemption. Defendant State Department of Taxation and Finance rejected plaintiff's protest and request for a refund on the ground that air freight forwarders are not involved directly in air transportation and, hence, their gross receipts do not qualify for exemption under 49 USC § 1513 (a). It was further determined that an appropriate allocation formula should not be based on that expressly provided under the statute, but rather, upon the average ratio of plaintiff's New York and non-New York property holdings, wages of employees and pickups and deliveries. Plaintiff then brought this declaratory judgment action and intervenor was permitted to intervene as a party plaintiff. After cross motions for summary judgment, Supreme Court granted relief to plaintiff and intervenor (hereinafter collectively referred to as plaintiffs) by declaring that Tax Law § 184 (1) is unconstitutional "insofar as it seeks to tax the gross receipts of * * * plaintiffs derived from their operations as air express transportation companies and air freight forwarders", and enjoined imposition of collection of the tax on their gross receipts so derived (134 Misc 2d 602, 603). This appeal by defendants ensued.

We affirm. It seems patently clear that the tax defendants have sought to impose herein on the allocable New York shares of plaintiffs' gross receipts for interstate transportation, in fact, is levied upon receipts at least a portion of which are for air transportation of packages and freight of plaintiffs' customers. Therefore, the Federal exemption as to such taxation "directly or indirectly" clearly applies, irrespective of whether plaintiffs either do not directly furnish the air transportation or that they incidentally also furnish nonair transportation as part of the offered services for which they receive gross receipts (see, Air Transp. Assn. v New York State Dept. of Taxation & Fin., 91 AD2d 169, 170-171, affd 59 NY2d 917, cert denied 464 US 960).

On appeal, defendants do not dispute the correctness of the foregoing conclusion. Instead, they argue that a tax could lawfully be imposed under Tax Law § 184 (1) on the portion of plaintiffs' gross receipts representing their charges for services which do not involve air transportation. Defendants ask that the judgment be modified accordingly so that, in a proper

proceeding before defendants, the appropriate allocation could be made. We reject defendants' request without deciding the issue they raise. As plaintiffs point out, defendants' present contention was never asserted either at the administrative level or before Supreme Court. In addressing the issue, the opposing parties have both alluded to facts dehors the record which would bear on whether "air transportation" under the Federal exemption statute includes the full range of plaintiffs' transportation services in the manner in which they are provided and charged for. Since defendants' present contention at the least might have been refuted in part through additional evidence offered by plaintiffs which they were not called upon to submit on the issues actually raised before Supreme Court, we should not consider it *(see, Matter of Schwartz v Cuomo,* 111 AD2d 759, 760, *appeal dismissed* 66 NY2d 758, *lv denied* 67 NY2d 605; *cf., Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 349). Moreover, Supreme Court responsively addressed and correctly decided the only controversy before it as framed by the parties, whether defendants could lawfully impose the tax under Tax Law § 184 (1) on the New York share of plaintiffs' gross receipts from *all* of their transportation services. We see no reason to decide whether the tax can be imposed on some alternative, hypothetical basis.

MAHONEY, P. J., KANE, CASEY and HARVEY, JJ., concur.

Order affirmed, with costs.