TOWNSHIP OF PONTIAC *v.* FEATHERSTONE.

1. EJECTMENT—SUFFICIENCY OF PLAINTIFF'S TITLE.

   The plaintiff in ejectment must rely on the sufficiency of his own title, and cannot question the defendant's before making a prima facie case of actionable right in himself.

2. DEDICATION—PURPOSE—DEFECTIVE DESCRIPTION—CURATIVE STATUTE.

   A plat on which a public square was not set forth and described by its boundaries, courses and extent, nor its use or purpose therein expressed as required by the territorial plat act then in effect did not effect a dedication of such land to the public use and subsequent curative act by the legislature of the State, as to failure to express the use or purpose of the public square, did not correct a defective description (1 Terr. Laws, p. 816; 3 Comp. Laws 1929, § 13267).

3. SAME—COMMON LAW—INTENT—ACCEPTANCE.

   To create a common-law dedication there must be an intention on the part of the owner to dedicate the lands to a public use and an acceptance of such dedication by the public.

4. SAME—ACCEPTANCE—EVIDENCE.

   Testimony that on a portion of area, designated on plat as public square, band concerts, picnics and croquet games had taken place did not constitute a public acceptance of premises claimed to be dedicated, where such use was not shown to have occurred within 50 years after plat was recorded and such use is not inconsistent with private ownership.

5. SAME—ACCEPTANCE BY USER OF PORTION.

   Acceptance by user of a portion of dedicated premises will not operate as an acceptance of the entire premises dedicated.

6. EJECTMENT—TITLE—EVIDENCE.

   In township's action of ejectment of so-called public square, evidence *held*, insufficient to establish or make a prima facie case of title in itself or to show a right to possession or other interest in the property entitling it to maintain the action.

7. APPEAL AND ERROR—CROSS APPEAL—ENLARGEMENT OF RELIEF.

In the absence of a cross appeal, errors claimed to be prejudicial to appellee cannot be considered nor may appellee have an enlargement of relief.

8. SAME—CROSS APPEAL.

An appellee who has taken no cross appeal, may, nevertheless, urge in support of the judgment in his favor reasons rejected by the trial court.

9. SAME—CORRECT RESULT—ERRONEOUS REASONING.

A correct result reached by the trial court will be affirmed on appeal even though· arrived at by that court on reasoning which the Supreme Court deems ,erroneous.

10. SAME—CROSS APPEAL—EJECTMENT—REMAND FOR DETERMINATION OF DESCRIPTION OF DEDICATED TRACT.

Where trial court erroneously granted plaintiff township some relief in action of ejectment but defendants took no cross appeal, such finding of the trial court is affirmed but cause is remanded for determination as to precise line and exact description of premises to be recovered by plaintiff.

Appeal from Oakland; Elliott (Philip), J., presiding. Submitted April 8, 1947. (Docket No. 15, Calendar No. 43,646.) Decided December 3, 1947. Rehearing denied January 16, 1948.

Ejectment by Township of Pontiac against Lottie E. Featherstone, administratrix of the estate of William O. Wilson, deceased, and others to obtain possession of real property. Judgment for plaintiff for part of lands claimed and for defendants for balance. Plaintiff appeals. Affirmed and remanded for determination of line.

*Harry J. Merritt,* for plaintiff.

*Donald C. Porritt,* for defendants.

DETHMERS, J. On September 12, 1826, a plat of the village of Auburn, a copy of which is attached to this opinion, was received for recording in the office of the register of deeds of Oakland county.

On November 15, 1889, William O. Wilson purchased lots 23, 24 and 25 and went into possession in that same year. Plaintiff has brought this suit in ejectment against defendants, who are the administratrix and heirs at law of William O. Wilson, and their tenant. Involved in the controversy is that portion of a public square included in said plat which abuts and extends south from the southern boundary of said lots to the north line of the street which is referred to in testimony as Auburn avenue and which bisects the public square.

Plaintiff's declaration alleges that it became owner of the land in question in 1826 but does not indicate how it claims to have acquired title. Defendants' answer alleges that the plat is defective and that there never was a legal dedication to nor acceptance by the public of said portion of the public square, and that from 1889 until 1941 William O. Wilson was, and ever since that time they have been in continuous, open, hostile and adverse possession thereof. Plaintiff, in reply, alleges that it neither admits nor denies defendants' allegations as to nondedication and nonacceptance of the public square for the reason that the events involved happened so long ago and the records are so inadequate that plaintiff has no knowledge thereof and leaves defendants to their proofs thereon.

At the conclusion of plaintiff's proofs defendants moved for dismissal on the ground that plaintiff had failed to establish title in itself. The motion was not granted. Defendants then introduced proofs largely designed to establish title in themselves by adverse possession. The trial court thereafter entered written findings of fact and law, on which judgment was entered, in which the court found that plaintiff had established prima facie such interest in the property in dispute as to entitle it to main-

tain ejectment and that defendants were guilty of unlawfully withholding possession from plaintiff of that portion lying south of the line of a former fence, which the court found had been located "approximately 50 feet north of the north line of Auburn avenue," except for an easement for a driveway thereover, but that defendants had established title by adverse possession prior to the effective date of Act No. 46, Pub. Acts 1907, to said easement for a driveway and also to that portion lying north of said old fence line. Plaintiff appeals.

While defendants have taken no cross appeal and appear content with an adjudication in their favor as to the property north of the fence line and the easement over the property south thereof, nonetheless, in their brief on appeal, they urge in support of the judgment, as they did in support of their motion for dismissal at the conclusion of plaintiff's proofs, that plaintiff failed to establish title in itself to any of the disputed premises.

For the purpose of establishing its own title plaintiff contented itself with introducing the plat into evidence and resting its case. As indicated by plaintiff's reply and by its failure to produce further proofs on the subject, plaintiff appears to have entertained the idea that the burden rested on defendants to establish their own title or to prove the weakness of plaintiff's title. We quote from the syllabus in *Van Vleet* v. *Blackwood*, 39 Mich. 728, the following:

"The plaintiff in ejectment must rely on the sufficiency of his own title, and cannot question the defendant's before making a prima facie case of actionable right in himself."

Similarly, in *Smelsey* v. *Safety Investment Corp.*, 310 Mich. 686, 688, we quoted with approval from *Briggs* v. *Prevost*, 293 Mich. 677, the following:

"It is elementary that to prevail in an ejectment proceeding the plaintiff must rely upon the strength of his own title, not on the weakness of defendant's title. *Ridgley* v. *Roma,* 282 Mich. 682."

At the time the plat was recorded there was in effect an act to provide for the recording of town plats, to be found in 1 Terr. Laws, p. 816. Section 2 thereof reads as follows:

"Such maps or plats as are required by this act to be recorded, shall particularly set forth and describe all the public ground within such town, by its boundaries, courses and extent, and whether it be intended for streets, alleys, commons or other public uses, and all the lots intended for sale by progressive numbers, and their precise length and width; and the maps made and acknowledged before a justice of the peace, a justice of the county court of the proper county where the town lies, or before a judge of the supreme court, and certified under the hand and seal of the judge or justice taking such acknowledgment, and recorded, shall be deemed a sufficient conveyance, to vest the fee of such parcels of land as are therein expressed, named or intended to be for public uses, in the county in which such town lies, in trust to and for the uses and purposes therein named, expressed or intended, and for no other use or purpose whatever."

It will be observed from the plat that the public square is not set forth and described by its boundaries, courses and extent, nor is its use or purpose therein expressed as required by the act. Plaintiff quotes in this connection 3 Comp. Laws 1929, § 13267 (Stat. Ann. § 26.500):

"The record of any plat heretofore made and duly acknowledged shall be evidence, as against the parties so acknowledging, of the sufficient dedication, gift and grant to the public of any portion thereof represented in the plat as a public square."

While the latter statute may cure the defect insofar as failure of the plat to express the use or purpose of the public square is concerned, it affords no answer to the defect as to descriptions. *Baker* v. *Johnson,* 21 Mich. 319. Nothing appears on the plat to fix the location of any of the land attempted to be platted. Applicable here is the following from *Diamond Match Co.* v. *Village of Ontonagon,* 72 Mich. 249, 258:

"Nor is the precise width of the streets, or the width and length of any of the lots, marked upon the map, or anywhere stated or described; nor is the particular land platted anywhere stated or described. * * * There is no known boundary or monument given as a base line or starting point of the survey. All that can be said of it is that it is a mere plat upon paper, and in no sense a compliance with the statute, and was not such a map or plat as, when recorded, vested the fee in the county, or effected a dedication of the streets to the public use."

Plaintiff cites *Village of Grandville* v. *Jenison,* 84 Mich. 54, to the effect that common-law dedication was not abridged by the statute, the latter being but cumulative, and that hence the dedication may be effective, even though not in accord with the strict provisions of the statute. To this same effect see *Baker* v. *Johnson, supra.* But to create a common-law dedication there must be an intention on the part of the owner to dedicate the lands to a public use and an acceptance of such dedication by the public. *Chene* v. *City of Detroit,* 262 Mich. 253, affirmed on rehearing, 263 Mich. 512; *Alton* v. *Meeuwenberg,* 108 Mich. 629; *Baker* v. *Johnson, supra.* Plaintiff, in this connection, did no more than to introduce the plat and to show, by rebuttal testimony, that band concerts, picnics and croquet games had taken place on a portion of the disputed premises. Such use is not inconsistent with private ownership and in no

wise constitutes public acceptance of dedicated premises. *Baker* v. *Johnson, supra; Reno* v. *Johnson,* 224 Mich. 14. Plaintiff failed to show that any such events occurred on premises north of said fence line. Acceptance by user of a portion of dedicated premises will not operate as an acceptance of the entire premises dedicated. *Swartwout* v. *Township of Caledonia,* 240 Mich. 398; *County of Wayne* v. *Miller,* 31 Mich. 447. Plaintiff failed to show that any such use occurred within 50 years after the recording of the plat. Such use, were it of the type to constitute acceptance of dedicated lands, was not within such reasonable time as to make it effective for that purpose. *Cass County Board of Supervisors* v. *Banks,* 44 Mich. 467; *County of Wayne* v. *Miller, supra.* Plaintiff failed to introduce proofs of dedication and acceptance sufficient to establish or make out a prima facie case of title in itself or to show a right to possession or other interest in the property such as to entitle it to maintain ejectment.

Having taken no appeal, defendants are in no position to, nor do they, now complain concerning the adjudication adverse to them as to that portion of the disputed premises south of the fence line. In the absence of a cross appeal, errors claimed to be prejudicial to appellee cannot be considered nor may appellee have an enlargement of relief. *Stephenson* v. *Golden,* 279 Mich. 493, affirmed on rehearing, 279 Mich. 710; *Lowe* v. *Schuyler,* 187 Mich. 526; *Prosecuting Attorney, ex rel. MacKenzie,* v. *Knight,* 266 Mich. 567. However, an appellee, who has taken no cross appeal, may, nevertheless, urge in support of the judgment in his favor reasons rejected by the trial court. A correct result reached by the trial court will be affirmed on error, even though arrived at by that court on reasoning which we deem erroneous. *Lyford* v. *Foster,* 313 Mich.

237; *Eames* v. *Barber,* 192 Mich. 1; *Gaincott* v. *Davis,* 281 Mich. 515. The decision of the trial court to the extent it was favorable to defendants does not operate to deprive them of the benefit of their motion to dismiss and they may now insist thereon in answer to all plaintiff's claims of error. *Mueller* v. *Citizens Telephone Co.,* 230 Mich. 173; *Waters, for use of Commercial Casualty Ins. Co.,* v. *Schultz,* 233 Mich. 143. Consequently, we uphold the finding of the trial court in favor of defendants as to that portion of the disputed premises lying north of the so-called fence line and the easement for a driveway over the portion lying south thereof because plaintiff failed to establish title thereto in itself. To the extent that the finding of the trial court was favorable to plaintiff as relates to that portion of the disputed premises lying south of the said fence line, it is upheld because defendants have taken no appeal therefrom.

Difficulty is presented in that the trial court fixed said fence line at an approximate location, so that the premises of which plaintiff is to recover possession are not definitely identified. See *White* v. *Hapeman,* 43 Mich. 267 (38 Am. Rep. 178); *Dawson* v. *Falls City Boat Club,* 142 Mich. 615. The cause is, therefore, remanded for a determination by the trial court, upon the record or such further proofs as that court may deem necessary, of the precise location of the so-called fence line and the exact description of the premises, possession of which is to be recovered by plaintiff, and for amendment of the judgment accordingly, which, subject to such correction, is affirmed.

Costs, in this Court only, to defendants.

Carr, C. J., and Butzel, Bushnell, Sharpe, Reid, and North, JJ., concurred with Dethmers, J. Boyles, J., concurred in the result.