AMERICAN YOUTH FOUNDATION *v* BENONA TWP

1. TAXATION—NONPROFIT ORGANIZATIONS—EXEMPTION—STATUTES—CONSTITUTIONAL LAW.

    Statutes providing tax exemptions for nonprofit corporations, if they are incorporated in Michigan, grant tax-exempt status to nonprofit corporations, both domestic and foreign, since the "domestic corporation" proviso is unconstitutional as a violation of equal protection, because those portions of the statutes which remain after severing the "domestic corporation" proviso are still operable and can still implement the intent manifested by the Legislature, which was to exempt domestic, nonprofit corporations from taxation (MCLA 211.7, 211.9).

2. TAXATION—NONPROFIT ORGANIZATIONS—EXEMPTION.

    A nonprofit corporation, either foreign or domestic, is entitled to tax-exempt status (MCLA 211.7, 211.9).

Appeal from Oceana, Harold Van Domelen, J. Submitted Division 3 December 9, 1971, at Grand Rapids. (Docket Nos. 10991, 10992.) Decided January 20, 1972. Leave to appeal denied, 387 Mich 782.

Complaint by the American Youth Foundation against Benona Township, Benona Community School District No. 15, and Oceana County for tax-exempt status. Judgment for plaintiff. Defendants appeal. Affirmed.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur, Taxation § 546 *et seq.*

*McCobb, Heaney & Van't Hof* (by *Timothy J. Curtin*), for plaintiff.

*Rhoades, McKee & Boer* (by *Arthur C. Spalding*), for defendants.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

R. B. BURNS, P. J. MCLA 211.7; MSA 7.7 provides in pertinent part:

"The following property shall be exempt from taxation:

\* \* \*

"Fourth, Such real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions and memorial homes of world war veterans *incorporated under the laws of this state* with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated." (Emphasis supplied.)

MCLA 211.9; MSA 7.9 provides in pertinent part:

"The following personal property shall be exempt from taxation, to wit:   \* \* \*
"First, The personal property of charitable, educational and scientific institutions, *incorporated under the laws of this state.*" (Emphasis supplied.)

Relying on the above-emphasized statutory phrase, defendants have continually denied tax-exempt status[1] to plaintiff, a Missouri-chartered, nonprofit corporation.

---

[1] Michigan's general property tax law provides in MCLA 211.1; MSA 7.1:
"That all property, real and personal, within the jurisdiction of this state, *not expressly exempted,* shall be subject to taxation." (Emphasis supplied.)

In a prior appearance before this Court, plaintiff unsuccessfully urged tax-exempt status. *American Youth Foundation* v *Township of Benona,* 8 Mich App 521 (1967). Since that decision the Supreme Court of the United States has held that denying tax-exempt status to an otherwise qualified[2] institution because it is incorporated in another state violates the Fourteenth Amendment of the United States Constitution. *WHYY* v *Glassboro,* 393 US 117; 89 S Ct 286; 21 L Ed 2d 242 (1968).

The trial court was correct in applying the *WHYY* case as opposed to the pre-*WHYY* decision of *American Youth Foundation, supra,* for resolving the equal protection issue advanced by plaintiff.

Defendants offer no objection to the equal protection phase of the trial court's holding; quite the contrary, defendants argue that because of the declared unconstitutionality, the exemption statutes in question cannot grant tax-exempt status to either domestic or foreign nonprofit corporations. Plaintiff and the trial court urge preservation of the exemption statutes by severance of the clauses "incorporated under the laws of this State."

The Michigan Legislature directs us to apply the following rule of construction regarding severability unless such construction would be "inconsistent with the manifest intent of the legislature":

"If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, *such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application,* provided such remaining portions are not determined by the court to be inoperable, and to this

---

[2] Plaintiff's compliance with all other requirements for tax-exempt status is uncontroverted.

end acts are declared to be severable." MCLA 8.5; MSA 2.216.[3]   (Emphasis supplied.)

The clear and express intention of the Legislature was to exempt *domestic,* nonprofit corporations from taxation. Such a clear expression can be upheld by this Court. Those portions of the statutes in question which remain after severing the "domestic corporation" proviso are still operable and can still implement the intent manifested by the Legislature.[4]

Plaintiff is entitled to tax-exempt status.

Affirmed. No costs, a public question being involved.

All concurred.

---

[3]   See also, 16 Am Jur 2d, Constitutional Law, § 192, pp 425–427; 2 Sutherland, Statutory Construction (3d ed), § 2404, pp 178–180.

[4] The tax, not the exemption, was found unconstitutional in *Cleveland-Cliffs Iron Co* v *Department of Revenue,* 329 Mich 225 (1950).