AIR TRANSPORT ASSOCIATION OF AMERICA, Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants.

Third Department, January 20, 1983

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Francis V. Dow* and *Jeremiah Jochnowitz* of counsel), for appellants.

*Debevoise & Plimpton* (*Andrew C. Hartzell, Philip S. Winterer, Steven Klugman* and *Geoffrey Bestor* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J. P.

Plaintiff is an unincorporated trade and service association consisting of 31 air carriers, 21 of whom do business in New York State. In this declaratory judgment action, plaintiff contends that subdivision 1 of section 184 of the New York State Tax Law imposes a tax that is prohibited by section 1113 of the Federal Aviation Act (US Code, tit 49, § 1513) and is, therefore, unconstitutional under the supremacy clause (art VI, cl 2) of the United States Constitution.

Section 1113 of the Federal Aviation Act provides, in pertinent part, that:

"(a) No State * * * shall levy or collect a tax, fee, head charge, or other charge, *directly or indirectly,* on persons traveling in air commerce or on the carriage of persons traveling in air commerce or on the sale of air transportation or *on the gross receipts derived therefrom* * * *

"(b) Nothing in this section shall prohibit a State * * * from the levy or collection of taxes other than those enumerated in subsection (a) of this section, including property taxes, net income taxes, franchise taxes, and sales or use taxes on the sale of goods or services" (emphasis added).

Subdivision 1 of section 184 of the Tax Law provides, *inter alia,* that: "Every corporation * * * formed for or principally engaged in the conduct of aviation * * * for the privilege of exercising its corporate franchise, or of doing business, or of employing capital, or of owning or leasing property in this state in a corporate or organized capacity, or maintaining an office in this state, *shall pay a franchise tax which shall be equal to three-quarters of one per centum upon its gross earnings from all sources within this state*" (emphasis added).

Special Term found that subdivision 1 of section 184 of the Tax Law, while called an "additional franchise tax", was *inter alia,* "in fact a tax upon the gross receipts from the sale of air transport services" and that section 1113 of the Federal Aviation Act forbids such a tax. This being the case, Special Term declared subdivision 1 of section 184 of the Tax Law unconstitutional. This appeal ensued.

Defendants' central argument is that the gross earnings of subdivision 1 of section 184 are not entirely composed of gross receipts from the sale of air coverage, but have other components. As such, defendants assert that the franchise tax in question, which includes gross receipts in its measurement, is permissible and, therefore, not in conflict with section 1113 since subdivision (b) of that section explicitly permits the levy of franchise taxes.

This argument must be rejected. In our opinion, the plain terms of section 1113 of the Federal Aviation Act strike directly at the subject tax, and do not allow for a construction which permits a tax either directly or indi-

rectly on gross receipts derived from air transportation. Moreover, legislative history, evidenced by the various forms of the bills and hearing testimony, supports our reading of section 1113 of the Federal Aviation Act. In particular, Congress refused to adopt a suggestion by the State of Ohio to add language to subdivision (b) of section 1113 which would have permitted State taxation of fairly apportioned air carrier gross receipts (see Hearings Before the Subcommittee on Transportation and Aeronautics, House Committee on Interstate and Foreign Commerce, 93rd Congress, First Session).

In November, 1973, the Ohio Attorney General issued an opinion declaring the Ohio excise tax discussed above to be in conflict with section 1113, as that section "prohibits both direct and indirect state taxation of the sale of air transportation" (Opns Ohio Atty Gen No. 73-117). We would also note that the Court of Appeals of Arizona has held that a transaction privilege levy imposed by Arizona on air carriage measured by gross receipts of sales was impermissible as it conflicted with, and was thus pre-empted by, section 1113 (*State ex rel. Arizona Dept. of Revenue v Cochise Airlines,* 128 Ariz 432).

Defendants argue that the New York franchise tax challenged herein is distinguishable from both the Ohio tax and Arizona tax. We, however, are unable to find any meaningful distinction. The language of subdivision 1 of section 184 also refers to "privilege", and defendants' argument that the measurement of the challenged tax by gross earnings is distinguishable from a direct tax on gross receipts is without substance. In this regard, the fact that subdivision 1 of section 184 of the Tax Law imposes a tax on other categories of income does not alter the fact that it imposes a tax upon the gross receipts derived from air carriage.[*] Finally, defendants' contention that to construe the Federal statute as prohibiting the use of gross receipts in determining franchise taxes would render meaningless the explicit provision in subdivision (b) of section 1113 permitting the levy of franchise taxes by States is specious, since the measurement for the franchise tax could be structured in a different way (but see *Matter of Aloha*

---

[*] Plaintiff does not challenge the tax on other categories of income.

*Airlines,* __ Hawaii __, 647 P2d 263, US Supreme Ct app pending).

We would, therefore, agree with Special Term that subdivision 1 of section 184 of the Tax Law is pre-empted by the subject Federal statute insofar as gross earnings are measured by gross receipts from air carriage. Special Term's judgment must, therefore, be affirmed.

The judgment should be affirmed.

MIKOLL, YESAWICH, JR., WEISS and LEVINE, JJ., concur.

Judgment affirmed, without costs.